AFFIDAVIT FOR "ABUSE OF POWER & RETALIATION" ('APR') pg. 1/3
WITNESS TESTIMONY

Amos-Jacob:Arroyo States:

1. On 2/27/24, I told sgt. M. Mrinegar, that I feared for my life & needed to be taken to segregation. When I did, He told me to lockdown. When I refused (because it was my cellmate I feared, he gave me charge rncc-2023-0279, 201A disobeying an order. I was never given the requested material evidence request forms in the alotted time & was unaware of them because I was not aware of the procedures as I had just arrived to DOC & was not given an inmate advisor. [Prior to the hearing, Hearings officer [A. King] denied my requested evidence. I appealed on the fact that i had requested material evidence which was denied & other reasons.] (Hereon "DPV"). Each agent at each level from hearing to VADOC Richmond appeal deprived me of due process of law. "See Exhibit" hereon "xb" A1.
2. On 10/5/24, The floor officer game me permission to take a shower after returning from school (on a madatory lockdown day, scheduled every thursday). When lt. C.W.Whitt saw me in the shower he gave me a charge rncc-2023-1772, 229A being in an unauthorized area. DPV. Each agent at each level from hearing to VADOC Richmond deprived me of due process of law. (xb A2).
3. On 11/6/23, officer J. F. Harman, Lt. C.W.Whitt, Unit Manager Harley Colna, Sgt. Warf & another Officer came into cell D243 & removed law documents belonging to me; which were computer generated & some were examples with the name of someone who has never been present at River North. I was given a charge rncc-2023-2026 for being in possessiojn of these law documents & they were never returned (despite submitting multiple grievances; all the way to Richmond). DPV. Each agent at each level from hearings to VADOC Richmond appeal deprived me of due process of law. (xb A3)
4. On 12/27/23, I sent a law document via email to my attorney. I was given a charge rncc-2023-2460, 228 gamg related activity/297 abuse of mail, for sending a typed emailed law document. DPV. Each agent at each level from hearing to VADOC Richmond appeal deprived me of due process of law. I never recieved a repsonse to my level two appeal or my follow up letter sent to richmond, via bulk mail, requesting this mandatory response. (xb A4).
5. On 1/24/24, I was moved to a new pod, C-1 Where I was just finishing up with the cleaning supplies to clean the very dirty cell (c128). I asked floor officer, Ms. Holt, if I could return the Pod supplies to the closet. she said yes, & thereafter officer R.A. Young said I was getting a charge for missing my door. Ms. Holt called over the radio to inform him that she gave me permission. He wrot the charge anyway. Charge rncc-2024-0142, 243 failure to follow regulations. I was not given an opportunity to obtain material evidence & I did not receive an appeals packet. (xb A5).
6. On 7/16/24, I received a charge rncc-2024-2031, in retaliation for submission of emergency grievance #167791. Prior to the hearing, Hearings officer Sgt. West Denied my requested material evidence. The facility has continued this charge, in my opinion, because it doesnt want to create a record to prove the facility staff are colluding to commit fraud. I was denied all requested

material evidence.&(xb A5).
7. On 8/8/24, I received a charge rncc-2024-2471, 123 attempt/198 B commission of fraud or bribery by any means of communication, for making a lawful offer to do business with/obtain & receive a Magazine subscription. Investigator Lt. K. Lowe made fraudulent claim, that a letter returned to another inmate in my name (which was originally sent using a 3¢ stamp two weeks prior, sent to Thr-asher Magazine in San Francisco, California). She claimed that the magazine responded (in less time than it would take for the letter to arrive & a response to return via regular mail, not inc-luding the necessary time to read & write a response) saying that they do not accept prepaid credit accounts (all magazine sub-scriptions are prepaid credit accounts) & that the facility has some right or power over my external financial accounts to decide what is or isnt authorized in my use of them (which the facility does not & never will be given. (xb A7)./
8. On 8/8/24, I received charge rncc-2024-2477, 228 unauthorized use of mail, from sgt. E. Bemis, for sending a request for help to Richmond VADOC in another inmates name in order to ensure it arrived becuase of the admitted mail fraud in rncc-2024-2031. Prior to the hearing, hearings officer denied my requested evide-nce (no signature on request forms by staff, no accountability). In hearing K. Lowe was the hearing officer & Sgt. bemis was not present for the hearing. Lowe did not allow me to complete my statement, in my opinion, becuase lowe did not want the evidence present in the letter I was reading, of her admission to mail fra-ud from being put on the record. I appealed on the fact that I had requested material evidence which was denied & other reasons. There is clearly a pattern of due process violations & violations of VADOC policy at all levels of the facility. (xb A8).
9. On 8/21/24, Staff used intimidation, Threatening that If I did not sign a staff printed document stating that I do not fear for my life, that I would be forcibly removed to the Restricted Housing Unit 'RHU'. Thereafter I was given a charge rncc-2024-2614 for refusing to give my signature & tearing up my signature which was only signed under duress & undue influence. These char-ges are all a part of a retaliation pattern. (xb A9).
10. On 8/26/24, I was given charge rncc-2024-2655, 119c refusal to participate in a reentry program, for denying the facility the ability to charge me $12.00 for them to have possession of my birth certificate, which I do not & will not ever concent to. I have 3 life sentences, which the facility is well aware of. It is impossible for me to participate in a reentry program unless I complete my redress of grievances with the government (it is evid-ent the facility staff are knowingly & intentionally depriving me of access too, see affidavit for mail). This is prima facie evidence of collusion from Head Counselor A. King. Evidence requests have been submitted & have not been returned.
11. On 9/6/24, I was given charge rncc-2024-2754, 135 solicitatio-n of staff misconduct, For making humorous comments to inmate Malcom Richards in the law library, in response to the supervisor request "if anybody needs anything." I believe, M. Hart took off-ense to inmates laughing at all inmates need for freedom & commu-nication with their associations. Evidence requests have been sub-mitted & have not been returned.

12. On 9/9/24, I was scheduled for the law library from 9-11 am, 4-6 weeks prior. My hearing for rncc-2024-2471 was rescheduled on 9/6/24, & i was intentionally called for my hearing as I was leav-ing for the law library. When I chose to go to the law library instead of the hearing, they called to the law library to be me to miss my important law library time. Upon my refusal, They came back 5 minutes later to call me for my mental health appointment. I spoke to Ms. Abner, Mental health Proffessional on the previous Thursday or Friday, during which she explained that I was going to be added to the psychologist appointment list, even though I spoke with Jennifer Miller only 3-4 weeks prior &'my medications were suddenly removed contrary to what I was told by this doctor. The facility staff are actively targeting my access to the law, mail, & they are clearly using these charges for intimidation & retaliation for the enforcement of my rights, to be safe, to acce-ss my attorneys, the courts & to communicate with my association-s. This retaliation has caused deprivations of acces to my finan-ces, staff have repeatedly misappropriated my trust funds, char-ging my account for metered & certified mail return receipts with-out properly sending the envelopes, or return receipts.

I, Amos-Jacob:Arroyo, certify that the foregoing is true & correc-t, under penalty of perjury under the law of the United States of America.

Dated: 9/9/24

by: Amos-Jacob:Arroyo