CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 10, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **AMOS JACOB ARROYO,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:24-cv-00518** |
| | ) | |
| **v.** | ) | **<u>ORDER</u>** |
| | ) | |
| **RIVER NORTH CORRECTIONAL** | ) | **By: C. Kailani Memmer** |
| **CENTER, *et al.*,** | ) | **United States Magistrate Judge** |
| **Defendants.** | ) | |

Plaintiff Amos Jacob Arroyo, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983. Having reviewed the amended complaint pursuant to 28 U.S.C. § 1915A(a), it is now

**ORDERED**

as follows:

1. The complaint shall remain conditionally filed pending satisfaction of the requirements set forth herein.

2. Arroyo is advised that the amended complaint fails to state a claim under § 1983 against River North Correctional Center. Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. A state prison is not a "person" subject to liability under § 1983. *See Va. Office for Prot. & Advocacy v. Reinhard*, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency is "not a 'person' within the meaning of the statute"); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a state prison medical department "may not be sued under 42 U.S.C. § 1983 since it is not a person").

3. Arroyo also is advised that the amended complaint contains improperly joined claims, including claims that arise from events that occurred in the Eastern District of Virginia. For instance, Arroyo alleges that unidentified members of the correctional staff at River North Correctional Center retaliated against him and deprived him of his ability to access the courts. He also alleges that unidentified members of the medical staff at the Hampton Roads Regional Jail unlawfully forced him to sleep on the floor for six months and ignored his mental health issues, which resulted in multiple suicide attempts. A plaintiff may only join different defendants in the same action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "If joinder is improper, the court has several options available to it." *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). The court may dismiss improperly joined defendants, sever the claims into separate actions, or permit a plaintiff to file an amended complaint. *Id.*; *see also* Fed. R. Civ. P. 21.

3. Because Arroyo is proceeding *pro se*, the court will allow him to file an amended complaint to correct the noted deficiencies. **In order to proceed with this action, Arroyo must file an amended complaint within 30 days from the date of entry of this order**. The amended complaint must be a new pleading, complete in all respects, which stands by itself without reference to any previous complaint, and it must comply with the joinder requirements of Rule 20(a)(2). Thus, Arroyo may not include in his amended complaint all of the claims and defendants currently in this lawsuit, but he may choose which claims to pursue in this action. Any claims that are not properly joined in the same action must be pursued in a separate lawsuit in the appropriate venue. *See* 28 U.S.C. § 1391(b) (setting forth

venue requirements). Additionally, the amended complaint must clearly identify each defendant and explain how each defendant allegedly violated Arroyo's federal constitutional rights. **Failure to file an amended complaint within 30 days from the date of entry of this order may result in the dismissal of claims without prejudice**.

4. The Clerk is directed to send a copy of this order to Arroyo. The Clerk shall also send him a § 1983 form for use in filing an amended complaint, as well as two additional § 1983 forms for use in filing any new or separate case(s) that he may choose to file.

ENTER: October 10, 2024

C. Kailani Memmer

C. Kailani Memmer
United States Magistrate Judge

AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT
Western District of Virginia

Urbanski
District Judge
(Assigned by Clerk's Office)

Memmer
Mag. Referral Judge
(Assigned by Clerk's Office)

**CIVIL ACTION NO.** 7:24cv00518
(Assigned by Clerk's Office)

For use by Inmates filing a Complaint under

**CIVIL RIGHTS ACT, 42 U.S.C. §1983 or BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S. 388 (1971)**

Plaintiff Name ______ Inmate No. ______

v.

Defendant Name & Address

Defendant Name & Address

Defendant Name & Address

Defendant Name & Address

Defendant Name & Address

Defendant Name & Address

Defendant Name & Address

**IF YOU NEED TO ADD MORE DEFENDANTS, USE A SEPARATE SHEET OF PAPER, AND PUT NAME AND ADDRESS FOR EACH NAMED DEFENDANT.**
**TITLE THE SECOND PAGE "CONTINUED NAMED DEFENDANTS"**

**A.** **Where are you now?** Name ***and*** Address of Facility:

______________________________________________

______________________________________________

**B.** Where did this action take place?

______________________________________________

**C.** Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

______ Yes ______No

If your answer to A is Yes, answer the following:

1. Court: ______________________________________________

2. Case Number:______________________________________________

**D.** Have you filed any grievances regarding the facts of this complaint?

______Yes ______No

1. If your answer is Yes, indicate the result:

______________________________________________

______________________________________________

2. If your answer is No, indicate why:

**E.** Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

______________________________________________

______________________________________________

______________________________________________

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:
(Additional Supporting Facts may be placed on a separate paper titled ADDITIONAL SUPPORTING FACTS)

______________________________________________

______________________________________________

______________________________________________

**F.** State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

________________________________________________________________________

________________________________________________________________________

________________________________________________________________________

**G.** If this case goes to trial, do you request a trial by jury? Yes_______ No ______

**H.** If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address ***after*** I have been released or transferred or my case may be dismissed.

DATED:_____________________ SIGNATURE: _________________________________

VERIFICATION:
I,_________________________________________, state that I am the plaintiff in this action, and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED:______________________ SIGNATURE: _____________________________________