CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AMOS JACOB ARROYO, ) | |
|     Plaintiff, ) | Case No. 7:24-cv-00518 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| RACQUEL HICKMAN, et al., ) | Senior United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Amos Jacob Arroyo, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the operative complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.  Background

Arroyo is incarcerated at River North Correctional Center (River North), and he alleges that the events giving rise to this action occurred at that facility. 3d Am. Compl., ECF No. 23, at 1. In his statement of claims, Arroyo asserts that "staff obtain[ed] trust funds under false (fraud) pretenses" and that "staff committed mail fraud." Id. He names as defendants David Robinson, the Chief of Corrections Operations for the Virginia Department of Corrections, and six correctional officials at River North. Id. at 1.

### II.  Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to

state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (internal quotation marks omitted).

### III. Discussion

Arroyo seeks relief under 42 U.S.C. § 1983.  Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, because liability is determined "person by person," King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023), "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," Iqbal, 556 U.S. at 676.

2

Arroyo's operative complaint fails to state a claim under § 1983 against the named defendants for at least three reasons. First, the pleading provides no indication as to how each defendant was personally involved in the events giving rise to this action. Although Arroyo lists seven defendants in the case caption, he fails to explain how each defendant, through the defendant's own actions, violated his federal constitutional or statutory rights. See id.; see also Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

Second, the allegation that "staff committed mail fraud" fails to state a claim under § 1983. "Mail fraud is a criminal offense for which there is no private right of action." Deasy v. Louisville & Jefferson Cnty. Sewer Dist., 47 F. App'x 726, 728 (6th Cir. 2002); see also Wisdom v. First Midwest Bank, 167 F.3d 402, 408 (8th Cir. 1999) ("Neither the mail fraud statute nor its legislative history provides for any remedy other than criminal sanctions. Thus, we agree with the Fifth and Sixth Circuits and hold that Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes."); Uhre v. Emmett A. Larkin Co., 205 F. Supp. 2d 475, 478 (D. Md. 2002) ("Courts in this circuit have expressly held that no private right of action exists for mail fraud, or for wire fraud.") (internal quotation marks omitted). And although "[c]ourts have generally concluded that the First Amendment rights retained by convicted prisoners include the right to communicate with others beyond prison walls," Heyer v. United States Bureau of Prisons, 849 F.3d 202, 213 (4th Cir. 2017), Arroyo does not allege facts sufficient to establish that any of the defendants violated his First

Amendment rights. See, e.g., Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Pearson v. Simms, 345 F. Supp. 2d 515, 519 (D. Md. 2003), aff'd, 88 F. App'x 639 (4th Cir. 2003) ("[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level.").

Third and finally, the allegation that "staff obtain[ed] trust funds under false . . . pretenses" fails to state a claim under § 1983. Although inmates have a protected property interest in their prison trust accounts, see Henderson v. Harmon, 102 F.4th 242, 247–48 (4th Cir. 2024), the Supreme Court has held that "negligent or intentional deprivations of property by a state employee do not state a claim of constitutional magnitude when there is an adequate post-deprivation remedy," Doe v. Montgomery Cnty., 47 F. App'x 260, 261 (4th Cir. 2002) (citing Hudson v. Palmer, 468 U.S. 517, 533–34 (1993)); see also Hawes v. Stephens, 964 F.3d 412, 418 (5th Cir. 2020) ("[A] state actor's unauthorized deprivation of an inmate's prison account funds 'does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.'") (quoting Hudson, 468 U.S. at 533). Under the Virginia Tort Claims Act (VTCA), the Commonwealth of Virginia is liable for claims for damages resulting from "damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any [state] employee while acting within the scope of his employment." Va. Code § 8.01-195.3. The United States Court of Appeals for the Fourth Circuit has held that the VTCA and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985).

Because adequate remedies are available under state law for the unauthorized deprivation of an inmate's trust funds, Arroyo has no viable claim for relief under § 1983 based on such allegations.

## IV.   Conclusion

For the foregoing reasons, the court concludes that Arroyo's operative complaint fails to state a claim against the named defendants. Based on his status as a pro se litigant, and because he may be able to allege facts sufficient to state a First Amendment claim against proper defendants, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within 30 days. An appropriate order will be entered.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 18:16:45
-05'00'

Michael F. Urbanski
Senior United States District Judge